## GANGER v ROEHM

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14129. Decided Feb 4, 1935

Gilbert H. Wieder, Cleveland, for plaintiff in error.

Rees H. Davis, Cleveland, for defendant in error.

Volume 23 of Ruling Case Law, page 60:

"The general rule is well established that a receiver cannot ordinarily, through summary proceedings, take into custody property found in possession of strangers to the record claiming adversely, and if he . does so he will be liable individually therefor. The principles upon which the cases announcing this rule generally rest, are that the receiver merely stands in the place of, and has no greater rights than, the party over whose property he has been appointed receiver; that everyone is entitled to his day in court; and that summary proceedings are not suitable to try conflicting claims to title * * *. Contempt proceedings are not appropriate."

In the case of **Newcomb, Receiver v Krueger et, 36 Oh Ap, 469, (9 Abs 27)**, the court held that where attorneys in good faith claimed funds produced by their services and received from a third party for services rendered their client, client's receiver was not entitled to a summary order against the attorneys.

In the case of **White v Gates, 42 Oh St, 109**, the court says on page 112:

"And while the judge may order the person having possession of the property to deliver the same to the receiver, although the person having possession claims to own it, the judge has no power to enforce the order, as for a contempt, however plain it may seem to him that such claim of ownership is wholly unfounded. The receiver must resort to the ordinary remedy by action."

Pomeroy on Equity Jurisprudence, Volume V, §1582, page 3719, says:

"But the court will not interfere in a summary way against the possession of a stranger to the action claiming by paramount title, but will leave the question of title to be tried by proper action brought by the receiver for that purpose.

"The party in possession, who asserts in good faith, color and claim of right, is entitled, under the guaranty of due process of law, to his day in court and a trial according to the customary forms of law."

## OPINION

BY HYNES, PJ.

A perusal of the authorities relative to this matter is as follows:

Plaintiff has the indisputable right under the due process clause of the Constitution to have his hearing by proper trial. To permit receivers to use contempt proceed-

ings as a means of coercing tenants into the payment of rent is an abuse of judicial discretion.

We are of the opinion that a receiver appointed in foreclosure cases, although ordered by the court to take over and preserve the property involved in such litigation, is placed in exactly the same position as the land owner, and whatever remedy the land owner has against a tenant wrongfully occupying the premises, the receiver has that same right. The receiver has no greater legal right to recover possession of property than the owner thereof. The land owner must resort to actions in forcible entry and detainer, recovery of real property or ejectment. The receiver is limited to the same remedies.

It is the opinion of this court that the use of summary proceedings to enforce payment of a rent or to enforce the surrender of real estate is unauthorized and contrary to law. •

For the foregoing reason, the finding of the court below is reversed for error. Judgment reversed and final judgment entered for plantiff in error.

LIEGHLEY and LEVINE, JJ, concur in judgment.